IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| THERESA ANN INSELMAN, ) | CASE NO. 2:05-06272-RJH |
| ) | |
| ) | OPINION RE RESPONSIBLE |
| ) | PERSON LIABILITY FOR |
| Debtor. ) | ARIZONA TRANSACTION |
| ) | PRIVILEGE TAXES |
| ) | |

The Court here concludes that Arizona statutes do not impose "responsible person" liability for the transaction privilege tax liability incurred by a company that is a separate legal entity.

**ISSUE**

The Debtor Theresa Ann Inselman ("Debtor") was the manager and one of the members of Grand Travel RV Rentals, LLC ("Company"). The Company had incurred liability to the Arizona Department of Revenue ("AZDOR") for transaction privilege taxes. Apparently due to her status as the manager of the Company, it is alleged and not disputed that the Debtor had the responsibility, on behalf of the Company, for both collecting and remitting to the AZDOR the Company's transaction privilege taxes.

In the Debtor's individual Chapter 11 case, the AZDOR has filed a priority claim for some or all of the Company's transaction privilege tax ("TPT") liability, asserting that A.R.S. § 42-5028 imposes liability for such taxes on those individuals who are responsible for paying a company's TPT taxes. The Debtor contends that that statute imposes no such "responsible person" liability, and that Arizona's limited liability company statute[1] shields

---

[1] A.R.S. § 29-651.

individual members from their company's liability.

**ANALYSIS**

A.R.S. § 42-5008(A) levies "privilege taxes measured by the amount or volume of business transacted by persons on account of their business activities . . . ." Transaction privilege taxes are very akin to sales taxes, with two significant differences: (1) transaction privilege taxes are levied on a taxpayer's "gross receipts" rather than on each individual sale;[2] and (2) the TPT tax is levied on the seller, whereas a sales tax may be levied upon the buyer, although customarily collected and paid by sellers.[3] The latter distinction may have great significance when the buyer might have immunity from taxation,[4] or where such taxes might otherwise violate constitutional limitations on States' ability to tax exports.[5]

A.R.S. § 42-5002(a)(1) provides that "gross receipts or gross proceeds of sales" shall be calculated exclusive of all sales and transaction privilege taxes. That statute further provides, however, that when an added charge is imposed or is identified as being imposed for a transaction privilege tax, the taxpayer "shall not remit less than the amount so collected to the Department." This provision imposes an additional tax if the retailer separately charges customers for the tax and consequently collects more than the statutory tax rate.[6]

---

[2] *E.g., Tower Plaza Investments Ltd. v. DeWitt*, 109 Ariz. 248, 508 P.2d 324 (1973) (because the tax is imposed on the gross revenues rather than on individual transactions, it may apply to revenues from a transaction entered into before the tax was enacted without violating the prohibition on impairment of contracts). *See* A.R.S. §§ 42-5001(7); 42-5002; and 42-4005(a).

[3] *E.g., Industrial Uranium Co. v. State Tax Commission*, 95 Ariz. 130, 387 P.2d 1013 (1963) (because "the legal incidence of the tax falls on the seller," it may apply to revenues from mining and shipping ore from the Navajo Reservation).

[4] *E.g., Department of Revenue v. Hane Construction Co., Inc.*, 115 Ariz. 243, 564 P.2d 932 (App. 1977)(transaction privilege tax can be collected on revenues from activities taking place on an Indian reservation).

[5] *E.g.*, *Arizona Department of Revenue v. Robinson's Hardware*, 149 Ariz. 589, 721 P.2d 137 (App. 1986) (tax may be imposed on revenues from sales to Mexican factories without violating the Import/Export Clause because the "goods themselves are not taxed").

[6] *Arizona Department of Revenue v. Canyoneers, Inc.*, 200 Ariz. 139, ¶ 15, 23 P.3d 684, 688 (App. 2001); *Arizona State Tax Comm'n v. Garrett Corporation*, 79 Ariz. 389, 291 P.2d 202, 209 (1955).

AZDOR argues that the responsible personal liability is imposed by A.R.S. § 42-5028, which provides in its entirety:

> A person who fails to remit any additional charge made to cover the tax or truthfully account for and pay over such amount is, in addition to other penalties provided by law, personally liable for the total amount of the additional charge so made and not accounted for or paid over.

The State argues that the taxpayer/merchant's liability for an amount separately charged as a tax is imposed by A.R.S. § 42-5002(A)(1), and that A.R.S. § 42-5028 would therefore be redundant if it applied only to the taxpayer/merchant, so it must instead refer to the merchant's individual employee who is responsible for paying such excess amounts over to the State.

The Debtor makes several arguments why A.R.S. § 42-5028 does not create "responsible person" liability. The Debtor argues that the statute does not specifically identify a corporate responsible person,[7] but merely imposes liability on the "person who fails to remit." Elsewhere in Title 42, Chapter 5 "Transaction Privilege and Affiliated Excise Taxes," the term "person" is clearly used to refer to the taxpayer/merchant, not to its employees. For example, A.R.S. § 42-5008(a) imposes the privilege tax "measured by the amount or volume of business transacted by persons on account of their business activities." A.R.S. § 42-5005(a) requires "every person who receives gross proceeds of sales or gross income upon which a privilege tax is imposed" to obtain a privilege tax license. A.R.S. § 42-5024 provides that "every tax imposed by the Article . . . shall become . . . a personal debt of the taxpayer . . . ." A.R.S. § 42-5005(f) provides that any "person" who violates the transaction privilege tax statute may have his license revoked, and A.R.S. § 42-5005(g) provides that any "person" who violates that section is guilty of a Class 3 misdemeanor. Debtor argues that none of those references to "person" can meaningfully apply to any person other than the merchant/taxpayer, and therefore argues that no different meaning should be given to "person" in A.R.S. § 42-5028.

No reported case definitively interprets A.R.S. § 42-5028. The *Canyoneers*

---

[7] A.R.S. § 42-5001(8) defines "person" to include "an individual, firm, partnership, joint venture, association [or] corporation," which is not very helpful in deciding the issue presented here.

3

opinion implied that the liability it imposes falls on the taxpayer/merchant,[8] but that "*see*" reference is hardly determinative of the full scope of its possible application.

But the Arizona Court of Appeal has already rejected an argument similar to that made by AZDOR here. In *Angelo*,[9] the Court of Appeals applied a predecessor statute that imposed criminal liability on "any person [who] knowingly fail[s] or refuse[s] to make any return required by this article." The court concluded that "Because only the corporation is the taxpayer, only it is obligated to file a return and only it is subject to criminal liability for failure to do so." The court specifically rejected the State's argument that is virtually identical to the argument it makes here:

> The statute does not mandate that authorized agents file the return. Rather, the statute merely confers the power upon a corporation agent to verify a return. This authorization to verify the return cannot be equated with an obligation to file the return. The interpretation advocated by the state would lead to absurd results. For example, a corporation could authorize several individuals to verify its return: its officers, accountants, bookkeepers, attorneys, or other employees. By the state's logic, all of these individuals would be subject to criminal liability if the corporation were to fail to file a transaction privilege tax return.[10]

The logic and the analysis of *Angelo* mean that a tax statute that imposes a liability for failing to do something applies only to those persons on whom another statute imposes an affirmative obligation to act.

Thus the State's argument based on A.R.S. § 42-5028 here suffers from the same problem it had in *Angelo*. The State relies on a statutory provision imposing liability on a person who fails to remit "any taxes collected," but it cannot point to any other statute that imposes an affirmative obligation on such officers or employees to remit those taxes. As noted above, the affirmative obligation to remit those amounts separately charged as a tax is imposed by A.R.S. § 42-5002(A)(1) on any "person who imposes an added charge to cover the tax levied by this article." Here, the person who imposed the added charge was the merchant/taxpayer

---

[8] *Canyoneers*, *supra* note 6, ¶ 15.

[9] *State v. Angelo*, 166 Ariz. 24, 26, 800 P.2d 11, 13 (App. 1990).

[10] *Id.*

4

Grand Travel RV Rentals, not its corporate officers or employees. Only it has the obligation to remit those taxes, so under the rationale of *Angelo* only it has the liability for failing to do so.

AZDOR attempts to bolster its analysis by arguing that the interpretation of Arizona tax statutes should follow the federal interpretation of similar federal tax statutes.[11] It therefore analogizes its interpretation of A.R.S. § 42-5028 to the federal "responsible person" tax liability statute, 26 U.S.C. § 6672(a). That federal statute provides that "any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails" to do so shall be liable for a penalty equal to the total amount of tax not paid. There is no doubt this federal statute imposes liability on corporate officers separate and apart from the tax liability imposed on their taxpayer corporations, and that the intent is to impose personal liability on those officers or employees who are in fact responsible for collecting withholding taxes and remitting them to the government, regardless of their corporate titles.[12]

But while 26 U.S.C. § 6672(a) is similar in form and substance to A.R.S. § 42-5028, the significant difference is that the federal statutes also contain another statute specifically identifying the corporate officers who have the corporate duty to perform the act on behalf of the corporation as being the "persons" who have the responsible person liability set forth in § 6672:

> The term "person," as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

26 U.S.C. § 6671(b).

The purpose and effect of § 6671(b) is to define the method by which the responsible person is to be identified. That method is to determine who has been assigned the duty by the internal corporate management, which "turns on the scope and nature of an

---

[11] *E.g., People of Faith, Inc. v. Arizona Dept. of Revenue*, 71 Ariz. 140, 829 P.2d 330 (App. 1992) (citing federal authority interpreting similar federal tax penalty provision, 26 U.S.C. § 6651(a)(1)).

[12] *E.g., United States v. Energy Resources Co., Inc.,* 110 S. Ct. 2139, 2140-41 (1990); *Purcell v. US*, 1 F.3d 932 (9th Cir. 1993).

individual's power to determine how the corporation conducts its financial affairs."[13] It is not, for example, necessarily defined by the person's title, by the individual who signed an application for a tax license, or, as in *Angelo*, by the person who verified such returns as were filed.

The Arizona transaction privilege tax statutes contain no comparable provision. In the absence of a comparable provision in the State's statutes, the State's interpretation would lead to the absurd result that the statute could apply to virtually anyone, as *Angelo* held.

The Court therefore concludes that A.R.S. § 42-5028 imposes liability only upon the merchant/taxpayer who engages in the transactions that give rise to the tax, and not upon the officers, employees or agents of such a separate business entity. Consequently the Debtor's objection to the AZDOR proof of claim pertaining to TPT taxes incurred by the Company is sustained, and that claim is disallowed.

DATED this 14th day of November, 2005.

*[signature]*
United States Bankruptcy Judge

Copy of the foregoing e-mailed
this 14th day of November, 2005, to:

D. Lamar Hawkins, Esq.
Hebert Schenk PC
4742 North 24th Street, Suite 100
Phoenix, AZ 85016
Attorneys for Debtor
e-mail: dlh@hs-law.com

Robert R. Hall, Esq.
Assistant Attorney General
1275 West Washington Street
Phoenix, AZ 85007-2926
Attorneys for Arizona Department of Revenue
e-mail: robert.hall@azag.gov

 /s/ Pat Denk
Judicial Assistant

---

[13] *Purcell* at 937.